### WARREN v. YELDELL.   (No. 163.)

(Court of Civil Appeals of Texas. Waco. Feb. 5, 1925. Rehearing Denied March 5, 1925.)

1. **Brokers ⚖️86(1)—Evidence held to sustain verdict for broker's commission for negotiating sale of oil and gas lease.**

    Evidence *held* to sustain verdict for broker's commission for negotiating sale of oil and gas lease.

2. **Brokers ⚖️82(1)—Petition in broker's action for commission for negotiating sale of oil and gas lease held not demurrable.**

    Petition in broker's action for commission for negotiating sale of oil and gas lease containing count on express contract and count on quantum meruit *held* sufficient as against demurrer.

3. **Brokers ⚖️85(7)—Lease contract held properly admitted in evidence in broker's action for commission for negotiating sale of oil and gas lease.**

    Where defendant in broker's action for commission for negotiating sale of oil and gas lease had testified that a certain person was handling his affairs, and where plaintiff had been referred to such person and told to take prospective purchasers to him, *held*, it was not error to admit in evidence lease contract from such person.

Appeal from Limestone County Court; H. F. Kirby, Judge.

Action by N. Y. Yeldell against Frank Warren and others. Judgment for plaintiff against the named defendant, and he appeals. Affirmed.

Keys & Mason, of Mexia, for appellant.
A. B. Rennolds, of Mexia, for appellee.

BARCUS, J. This suit was filed by appellee against D. G. Gibson, W. J. Keeling, and appellant, Frank Warren, seeking a recovery against appellant, Frank Warren, for $225 commission which appellee claimed was due him. Appellee alleged in substance that appellant owned a tract of land in Limestone county near the Mexia oil field, and listed same with him to sell the oil and gas lease

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thereon, and agreed to pay him 10 per cent. of the purchase price received. Appellee alleged that he sold the oil and gas lease on the land of appellant for $2,260, which appellant accepted, and thereby became liable to him for his commissions in the sum of $226; that he consummated the sale in December, 1921. He alleged that the defendants W. J. Keeling and D. H. Gibson were setting up some claim to the commission and withholding same from him. Appellee alleged in the alternative that, if he did not have an express agreement and contract with Warren, the services rendered were reasonably worth $225.

Appellant filed a general demurrer and a general denial. The cause was tried to a jury, and the court instructed the jury to return a verdict for defendants Gibson and Keeling, and submitted the question to the jury as to the liability of appellant Warren. The jury returned a verdict for appellee for $212.50, from which this appeal is perfected.

[1] Appellant claims the judgment is unsupported by the testimony. Appellee testified that 17 acres of land was listed with him by appellant, who agreed to pay him 10 per cent. of the price he sold the lease for, and that he found a purchaser who paid appellant $125 per acre for the oil and gas lease contract thereon, and that appellant told him that he sold the said oil and gas lease on said land to the purchaser which he, appellee, produced, at said price, and that the purchaser paid him the $125 an acre therefor; that the appellant had promised a number of times since to pay him his commission and had told him that he would get the money from Mr. Gibson, who was handling his, appellant's, business, and turn it over to him. We think the testimony is sufficient to support the verdict of the jury.

[2] Appellant assigns error on the trial court's overruling his general demurrer. We overruled this assignment. The substance of appellee's petition is hereinbefore set out, and we think it is sufficient as against a general demurrer.

[3] Appellant complains of the trial court's action in permitting the lease contract from D. H. Gibson to Ed. S. Hill to be offered in evidence, and in permitting the plaintiff to testify to his conversations with the purchaser of the oil and gas lease. We overrule these assignments. Appellant testified that Gibson was handling his property for him, and appellee testified that appellant had referred him to Gibson and told him to take prospective purchasers to Gibson. The record shows that appellant had placed the oil and gas lease on his property in the name of Gibson, and that Gibson was handling same for appellant. Appellee testified that, after the consummation of the sale of the oil and gas lease contract in controversy, appellant had informed him that he had sold the property to the purchaser that he, appellee, had produced, and that he would get the money from Gibson and pay appellee his commission. The testimony of the broker that he informed the prospective purchaser of the land and brought him in touch with the owner, and his statements to the purchaser as to the terms and conditions on which he could purchase the land, are admissible to show that the broker was the procuring cause of the sale being made. Fordtran v. Stowers, 52 Tex. Civ. App. 226, 113 S. W. 631; Yarborough v. Creager (Tex. Civ. App.) 77 S. W. 645; Luhn v. Fordtran, 53 Tex. Civ. App. 148, 115 S. W. 667.

The trial court submitted the question of appellant's liability to the jury, and no objection was made by either of the parties to the form of the question as submitted. We think the pleadings of appellee, as well as the testimony, support the verdict.

We have examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.